UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                                      )<br>                          Plaintiff, )<br>                                                      )<br>vs.                                                 )<br>                                                      )<br>STUART SCHWEIZER, JR.,           )<br>                                                      )<br>                          Defendant. )<br>                                                      ) | 3:09-cr-00053-LRH-VPC<br><br>ORDER |

Before the Court is Defendant's Motion to Reconsider Sentence (#69). An opposition has been filed on behalf of the Government (#70).

The Defendant's motion challenges the 60-month term of his incarceration. He also challenges the requirement of supervised release imposed by the Court which would prohibit him from residing within 200 yards of a school.

<u>The 60-month Sentence.</u>

The Court imposed a sentence of 60 months imprisonment and a lifetime term of supervised release. The sentence imposed by the Court was in fact a substantial downward variance from the applicable sentencing guidelines in this case of 78 to 97 months. At sentencing, the Court found in accord with the factual findings set forth in the Pre-Sentence Report.

Of significant note, and as expressed in the Pre-Sentence Report:

[Paragraph] 11... The preliminary analysis of the Dell computer [of the Defendant] located 2611 images of child pornography and over 3600 videos. As a preliminary sample, one hundred movies were selected, which contained child pornography. The movies predominantly depict prepubescent females either nude or partially clothed, engaged in oral copulation or vaginal/anal intercourse with

1  adult males...

2  [Paragraph] 12... The alleged examples of child pornography were
3  reviewed by the National Center for Missing and Exploited Children. This review
   confirmed a total of 214 images depicting child pornography, including at least one
   sadistic or masochistic image. In addition, 13 video files were identified as
4  containing child pornography.

5

6  ***[Paragraph] 17. On Monday, March 8, 2010, [the Defendant] was
   interviewed... [and] stated that he started viewing adult pornography and then he
   eventually came across child pornography. He added that his interest in child
7  pornography was ongoing for several years...

8  Although the Court assumed at sentencing that the 3600 videos referenced in the factual
9  findings set forth within the Pre-Sentence Report were in fact videos of child pornography, this is
10 now challenged by the Defendant, although no challenge was raised at the time of the Court's
11 comments concerning the videos.

12 The Court has carefully considered the sentence which was imposed. Rule 35(a) allows
13 for the correction of a sentence that resulted from "errors mathematical, technical or other clear
14 error." The Defendant argues that there was clear error committed by the Court in assuming that
15 all 3600 videos seized from Defendant contained child pornography. Because the earlier
16 referenced factual statements in the Pre-Sentence Report were adopted and found as facts by the
17 Court and were not challenged by the Defendant, the Court agrees with the Government that the
18 Defendant's standing to object to the Court's finding at this point, or to otherwise challenge his
19 sentence, is not allowed under Rule 35(a) or other law.  However, because the Court did assume
20 that there were some 3600 videos of child pornography and agrees that there was not clear
21 evidence that all 3600 videos contained child pornography, the Court will consider the
22 Defendant's motion.

23 The Court was appalled by the extensive amount of pornography which was undeniably
24 possessed by the Defendant – regardless of whether all, or just some substantial part of it,
25 involved child pornography. Undisputably, there were 2611 images of child pornography and 100
26 movies containing child pornography which predominantly depicted prepubescent females either
27 nude or partially clothed, engaged in oral copulation or vaginal/anal intercourse with adult males.
28 The Defendant had been accumulating and viewing child pornography for at least several years.

1  These factual findings are not challenged by the defense. Given this history, and good cause
2  appearing, the Defendant's motion challenging the 60-month term of sentence is DENIED.
3      <u>The 200 Yards Residence Restriction</u>.
4      The Defendant also challenges the restriction ordered by the Court that while on
5  supervised release he not reside within 200 yards of any schools, parks or other places where
6  children may congregate.  His principal residence is identified as being across the street from a
7  middle school and the Defendant represents that he and his spouse have lived in the home for
8  twenty years. He represents that for him to comply with this condition would require he and his
9  spouse to sell the home and acquire a new residence.
10     With regard to this portion of Defendant's motion challenging the restriction imposed in
11 his supervised release that he not reside within 200 yards of any schools, parks, or other places
12 where children may congregate, the Court will grant partial relief by suspending and modifying
13 this restriction to not apply it to the family home in which the Defendant has resided for many
14 years.  In modifying this restriction and granting relief to the Defendant, the Court notes that
15 Defendant is 62 years of age, suffers from documented health issues and will be 65 years of age
16 at the time of his release from prison. He will then face a lifetime term of supervised release. The
17 Court is confident that the remaining terms and conditions of Defendant's supervised release will
18 provide sufficient restriction to protect the public in this case. The Court is also mindful of the
19 economic consequences of requiring the Defendant and his wife to sell their longtime family
20 home in the extremely depressed real estate market which is now present in Nevada.
21     Good cause appearing, the Defendant's motion to reconsider a sentence of 60 months
22 imprisonment is DENIED.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1   The motion to strike the residence restriction applicable to his supervised release is
2   modified to exclude its application to the longtime personal residence of Defendant and his
3   spouse. The restriction remains in force with regard to any other place of residence.

5   IT IS SO ORDERED.
6   DATED this 15th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE